Marshall, Ch. J.,
 

 delivered the opinion of the court. — In this case, the errors assigned are, 1. That testimony has been improperly rejected by the judge of the district court. 2. That the
 
 caveat,
 
 as to that part of the land which was claimed in virtue of the survey on Wilson’s settlement-right, was. improperly dismissed.
 

 The
 
 caveat,
 
 so far as respects the claim of Wilson, in virtue of the survey on his pre-emption warrant, thus stated his title:
 
 “
 
 John Wilson claims, by virtue of the survey, made on the entry of his pre-emption warrant, for Andrew Cowan, and assigned by him to William Dryden, for his use.” The pre-emption warrant issued on Wilson’s certificate to Andrew Cowan, as assignee thereof; the survey was made in Cowan’s name, and is
 
 *173
 
 assigned to William Dryden, but the assignment does not purport to be for the use of John Wilson.
 

 At the trial, the plaintiff offered to prove that the assignment to Cowan was made in trust for himself, and that the assignment to Dryden was never made by Cowan. The witness, by whom these facts were to be substantiated, was Cowan himself. He was objected to by the counsel for the defendant, as incompetent, and the objection was sustained by the court. To this opinion of the district judge, an exception was taken, and the question proposed is, the competency of Cowan to prove the fact, that he never was entitled to the land in controversy, and did not make the assignment of the survey. *We put the release out of the case, because it cannot affect the interest of Cowan, if he had any, that interest being a liability to <- the person appearing to be his assignee. Upon a consideration of this fact, and its connection with a
 
 caveat
 
 brought by Wilson, the witness appears to the court to stand free from any possible objection on the part of the defendant. It would not appear, that he could derive a benefit from proving, in this cause, that he never was entitled to the land in dispute, and never assigned the survey.
 

 But from the facts proposed by the plaintiff, which were before the court, it appears, that Dryden had sold to Buford, for whose benefit this
 
 caveat
 
 was really brought; and it is alleged by the counsel for the defendant, that if the testimony of the witness would establish the right of those who might ultimately resort to him, under his supposed assignment, and such a suit would be prevented by a decision of this
 
 caveat
 
 in favor of Wilson, he is, therefore, an incompetent witness ; but the court does not perceive that this consequence would flow from the testimony ; and if it is imagined, that Cowan might suspect it, this would constitute an objection rather to his credit than his competency. Cowan, therefore, was competent to prove the facts to establish which his testimony was offered.
 

 But if he had been received, and had established those facts, what would have been their amount ? They are, “ That Cowan never did purchase the said pre-emption, did not make the entry on the pre-emption warrant, or survey it, or procure it to be surveyed, and does not now, nor ever did, claim title to the same. That the plaintiff, claiming to own the land, did sell it to William Dryden, who sold the same to William Buford, for whose benefit the
 
 caveat
 
 was brought.” These are the facts which the plaintiff proposed to prove, and which are stated on the record. Had they *been proved, [*292 it appears to the court, that the
 
 caveat
 
 ought to have been dismissed. These facts do not support the title set up in the
 
 caveat.
 

 It is conceived by this court, that the statements made in the
 
 caveat
 
 could only be supported by an assignment, which, on the face of it, purported to be for the use of Wilson. That an assignment made to Dryden, whereby the legal ownership of the survey was conveyed to him, although, in fact, intended for the benefit of Wilson, would not enable Wilson to maintain a
 
 caveat
 
 in his own name. It would authorize him to use the name of Cowan, but not to prosecute the suit in his own name. If, however, a contrary practice has been firmly established in Kentucky, the court would be very unwilling to shake that practice. But in this case, the assignment to Dryden was not, in fact, for the use of Wilson, but of Dryden himself. The testimony, therefore, if received, could only have defeated the plaintiff’s
 
 *174
 
 action. It cannot be said, therefore, that the judge has erred in dismissing the
 
 caveat,
 
 as to the part claimed under the pre-emption warrant.
 

 But with respect to so much of the
 
 caveat
 
 as was supported by the survey on the settlement-right, no exception of form, or to the testimony, has been taken, and it ought not, therefore, to have been dismissed, but on the merits. On this point, therefore, there is error in the judgment of the district court, for which it must be reversed.
 

 This cause came on to be heard, on the transcript of the record of the proceedings of the court for the district of Kentucky, and was argued by counsel, on consideration whereof, it seems to the court, that there is error in the judgment of the district court in this, that the
 
 caveat
 
 entered by the plaintiff was entirely dismissed, whereas, it ought to have been decided on its merits, so far as respected that part of the land which was claimed by the plaintiff, under his survey of four hundred acres. It is, therefore, considered *2031 tbe court, that the said judgment be reversed and annulled ; *and
 
 *
 
 that the defendant pay to the plaintiff, his costs. And the cause is remanded for further proceedings.